### Archey v. Laughing
*[Cite as 6 AOA 219]*

*Case No. 58825*
*Cuyahoga County, (8th)*
*Decided August 9, 1990*

*Hyman Friedman, Pub. Defender, Warren L. McClelland, Assistant., Marion Building, Room 307, 1276 West Third Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Matthew Fitzsimmons, Attorney at Law, 2750 Terminal Tower, Cleveland, Ohio 44113, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Respondent-appellant James P. Laughing ("Laughing") appeals from the trial court's granting of custody and habeas corpus relief as requested by petitioner-appellee Mary L. Archey ("Archey").

The record reveals that on September 19, 1989, Archey, a resident of Cleveland, Ohio, filed a verified complaint for custody of her minor daughter, Cheyanne E. Capton (date of birth August 19, 1981), requesting the issuance of a writ of habeas corpus to secure custody of the child. At that time, the child was living with Laughing in Niagara County, New York and had been doing so since sometime in 1986. The matter was set for hearing on October 6, 1989. Counsel for Laughing entered his appearance on the record on October 5, 1989.

On October 5, 1989, Laughing filed a motion to dismiss the complaint and/or quash service of summons for lack of jurisdiction with exhibits.

On October 6, 1989, subsequent to the hearing, the referee issued his handwritten supplemental report which contained various findings but no recommendation. On October 16, 1989, the juvenile court granted habeas corpus relief, ordering the child to be returned to Archey. The court found that Laughing has no legally recognized relationship toward the child as either parent, custodian or guardian. This order of court was journalized on October 24, 1989. On November 3, 1989, the court denied reconsideration and overruled Laughing's objections.

This appeal raising five assignments of error followed.

Before addressing the merits of the appeal, appellee has moved to strike certain language from appellant's brief. This Court is bound to view only the record on appeal. App. R. 9(A). Accordingly, references to Laughing as the natural father and the order from our domestic relations court in which appellee admits the paternity of the child are part of the record. References to the alleged less-than-honorable character of appellee, her criminal record, and her present husband are stricken as they are not part of the trial court record.

We will now turn our attention to the assignments of error. The first four assignments raise common questions of law and fact and will be reviewed together.

## I.

**A. JUVENILE COURT LACKED JURISDICTION TO ISSUE A WRIT OF HABEAS CORPUS TO ORDER A CHANGE IN CUSTODY OF THE CHILD BECAUSE THE CHILD WAS NOT "FOUND IN" CUYAHOGA COUNTY AT THE TIME THE PETITION FOR A WRIT OF HABEAS CORPUS WAS FILED, AS MANDATED BY JUV. R. 10(A).**

**B. JUVENILE COURT LACKED JURISDICTION TO DETERMINE THE CUSTODY OF THE CHILD PURSUANT TO R.C. 3109.22.**

**C. JUVENILE COURT ABUSED ITS DISCRETION IN FAILING TO DESIGNATE ITSELF AN INCONVENIENT FORUM, PURSUANT TO R.C. 3109.25, TO MAKE A CUSTODY DETERMINATION BECAUSE NEW YORK WAS A MORE APPROPRIATE FORUM.**

**D. BECAUSE MRS. ARCHEY HAD A PLAIN AND ADEQUATE REMEDY AT LAW PURSUANT TO THE UCCJA, JUVENILE COURT ERRED BY ISSUING A WRIT OF HABEAS CORPUS, AN EXTRAORDINARY REMEDY.**

Pursuant to R.C. 2151.23(A) (2) and (3), the juvenile court has exclusive original jurisdiction to "determine the custody of any child not a ward of another court of this state" and "hear and

determine any application for a writ of habeas corpus involving the custody of a child." This exercise of jurisdiction must be read in conjunction with R.C. 3109.22, also known as the Uniform Child Custody Jurisdiction Act ("UCCJA"), which provides:

"3109.22 *Prerequisites to jurisdiction.*

"(A) No court of this state having jurisdiction to determine the custody of a child shall exercise that jurisdiction unless one of the following applies:

"(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"(3) The child is physically present in this state and either has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

"(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with division (A) (1), (2) or (3) of this section, or a court in another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

"(B) Except as provided in divisions (A) (3) and (4) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"(C) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."

In the present case, the child and appellee have a connection with this state. The child was born in Ohio and spent her first five years of life living in Ohio. Her mother still lives here. Additionally, evidence of future care, protection and training are available in this state. See R.C. 3109.22(A) (2).

Accordingly, we find that the court had jurisdiction to entertain the action.

However, we do not agree with appellant that the court in Ohio represents a non-convenient forum under the present facts. R.C. 3109.25 provides in pertinent part:

"(A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

"* * *

"(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:

"(1) If another state is or recently was the child's home state;

"(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

"(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state; * * *"

In the present case, the child has been a resident of Niagara County, New York since 1986, approximately three years, or since the age of five. The child and her brother, Ross Capton (date of birth September 8, 1978), reside with appellant in New York. She goes to school in New York and is doing well according to the letter of her school teacher. See exhibits attached to motions filed by appellant with the trial court.

There is substantial evidence of the child's present future care, protection, training and relationships available in New York, whereas only evidence of future care, etc. is available in Ohio. However, the evidence available in New York is readily accessible and can be easily documented and submitted into evidence in Ohio.

Clearly, the state which is more convenient under the circumstances herein is the State of Ohio, where the legally recognized natural mother resides. The court did not abuse its discretion in determining that Ohio, and not New

York, was the most convenient forum and exercising jurisdiction over the action.

Finally, the court did not abuse its discretion in issuing the relief of habeas corpus where appellee had an adequate statutory remedy for review of the custody question presented under Ohio's jurisdiction.

Assignments of Error A, B, C and D are overruled.

## II.
## E. JUVENILE COURT'S DETERMINATION THAT MR. LAUGHING WAS NOT THE CHILD'S PARENT IS CLEARLY ERRONEOUS.

The document relied upon by appellant in this assignment, showing an admission of paternity by appellee, was attached as an exhibit to his motion for reconsideration/objections to the referee's report. The court overruled the objections to the report and denied reconsideration. Although the objections were technically filed out of rule, appellee filed no motion to strike the objection. Instead, appellee filed a brief opposing the reconsideration/objection. Appellee therefore waived her objection to the consideration of this motion by the court.

This document at issue is some evidence of appellant being the natural father of both children. However, there remains the fact that there is no evidence whereby appellant has been adjudicated by a court of competent jurisdiction as being the father, guardian or custodian of the child. Accordingly, we find that the court did not abuse its discretion in its determination of the matter.

*Judgment affirmed.*

STILLMAN, J., and WIEST, J.

Sitting by assignment, Saul G. Stillman, retired Judge of the Eighth Appellate District; Mark K. Wiest, Judge of the Wayne County Court of Common Pleas.